# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| DWAIN VAUGHN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 11-cv-1001 |
| RICARDO RIOS, | ) ) ) |
| Respondent. | ) ) |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Dwain Vaughn, on January 3, 2011 (Doc. 1). The Petition is DISMISSED WITHOUT PREJUDICE.

Petitioner was convicted and sentenced by the District Court for the Eastern District of Missouri on September 27, 2006 for possession of a firearm by a felon, possession of cocaine base with the intent to distribute, and possession of marijuana with the intent to distribute, in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841. He was sentenced to a 151 concurrent term of imprisonment and 4 years' of supervised release. Petitioner appealed and the Eighth Circuit Court of Appeals affirmed the conviction on March 25, 2008. *United States v. Vaughn*, 519 F.3d 802 (8th Cir. 2008). A Petition for a Writ of Certiorari was denied on January 21, 2009. *Vaughn v. United States*, 129 S.Ct. 998 (2009). There is no indication in the record that Petitioner filed a Motion pursuant to 28 U.S.C. § 2255.

Rule 4 of the Rules governing habeas petitions provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Before this Court, Petitioner asserts that he is "actually innocent" of career offender status, which enhanced his sentence, and bases his Petition on the decision by the United States Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008). In *Begay*, the Court limited the definition of "violent felony" contained in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which mandates a minimum sentence of 15 years for a person who violates § 922(g) (felon in possession) and who has three prior convictions for a "violent felony or a serious drug offense." The Court held that for purposes of the statute, the violent felonies that are covered are crimes similar to those listed in the statute, namely, burglary, arson, extortion, or crimes involving explosives. *Begay*, 553 U.S. at 142. The Court reasoned, in part, that

> The listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct. That conduct is such that it makes more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim. Crimes committed in such a purposeful, violent, and aggressive manner are 'potentially more dangerous when firearms are involved.' And such crimes are 'characteristic of the armed career criminal, the eponym of the statute.' *Id.* at 144-145 (citations omitted).

The rule in *Begay* is retroactively applicably on collateral review. *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010). Petitioner argues that, in light of *Begay*, the use of his prior conviction of felony auto theft to enhance his sentence is error.

Thus, Petitioner is not arguing that he is innocent of the crime for which he stands convicted, to wit, possession of a firearm by a convicted felon and the drug

2

charges; rather, Petitioner is challenging the predicate felony that made him an armed career criminal for purposes of sentencing.

Because Petitioner is a federal inmate who is challenging his sentence, by arguing that his sentence is "in excess of the maximum authorized by law," analysis of his claim must begin with 28 U.S.C. § 2255. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) ("Ordinarily, § 2255 is the exclusive means for a federal prisoner to attack his conviction."). Petitioner has not filed a § 2255 Motion; therefore, the present Petition can only go forward if Petitioner can benefit from the savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e).

Petitioner has not filed a § 2255 before the Court that sentenced him, namely, the District Court for the Eastern District of Missouri. Consequently, the Court is without jurisdiction to consider the instant Petition in accordance with the constraint of section 2255(e). Additionally, notwithstanding the title, the Petition is actually a § 2255 Motion. Such a motion cannot be entertained by this Court. *See* 28 U.S.C. § 2255(a). The Petition is DISMISSED WITHOUT PREJUDICE.

Entered this 14th day of January, 2011

                                                 s/ Joe B. McDade
                                                 JOE BILLY MCDADE
                                                 Senior United States District Judge